# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL WAKEFIELD,<br><br>        Plaintiff,<br><br>    v.<br><br>JAMES TILTON, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:07-cv-01802-OWW-GSA PC<br><br>ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIM FOUND TO BE COGNIZABLE<br><br>(Doc. 1)<br><br>RESPONSE DUE WITHIN THIRTY DAYS |

**Screening Order**

**I.    Screening Requirement**

Plaintiff Darryl Wakefield ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on December 12, 2007. Plaintiff's claims arise from his inability to shower every day. Plaintiff alleges that inmates in the Correctional Clinical Case Management Services ("CCCMS") and Enhanced Outpatient Program are allowed daily shower.[1] Plaintiff alleges that he is a CCCMS participant but is only allowed three showers a week. Plaintiff further alleges that based on his religious beliefs, he needs to shower daily.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

---

[1] Programs or classifications relating to mental health issues.

1

Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.  Plaintiff's Claims**

    **A.  Free Exercise Claim**

The First Amendment to the United States Constitution provides that "Congress shall make no law respecting the establishment of religion, or prohibiting the free exercise thereof . . . ." U.S. Const., amend. I. Prisoners "retain protections afforded by the First Amendment," including the free exercise of religion. O'Lone v. Estate of Shabazz, 482 U.S. 342, 348, 107 S.Ct. 2400 (1987). Beliefs which are both sincerely held and rooted in religious belief trigger the protection of the Free Exercise Clause. Shakur v. Schriro, 514 F.3d 878, 884 (9th Cir. 2008) (quotations and citations omitted) (disavowing objective centrality test and confirming applicability of sincerity test).

However, "'[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system.'" O'Lone, 482 U.S. at 348 (quoting Price v. Johnson, 334 U.S. 266, 285, 68 S.Ct. 1049, 1060 (1948)).

2

"To ensure that courts afford appropriate deference to prison officials, . . . prison regulations alleged to infringe constitutional rights are judged under a 'reasonableness' test less restrictive than that ordinarily applied to alleged infringements of fundamental constitutional rights." O'Lone, 382 U.S. at 349. Under this standard, "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. 78, 89, 107 S.Ct. 2254 (1987).

Plaintiff has alleged his sincere religious beliefs require a daily shower. At the pleading stage, the Court must accept as true these allegations and cannot find that Plaintiff has not stated a free exercise claim. Shakur, 514 F.3d at 884. However, section 1983 plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

In this instance, the majority of the defendants named in the complaint were involved in reviewing Plaintiff's inmate appeal seeking the allowance of daily showers. In general, "[r]uling against a prisoner on an administrative complaint does not cause or contribute to the violation." George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007). Thus, that an appeal on the issue giving rise to Plaintiff's claim passed through the hands of a defendant is not a sufficient basis upon which to impose liability under section 1983. Plaintiff's claim arises from the alleged burden imposed on the practice of his religion by his inability to obtain daily showers. A claim may be properly asserted against individuals who either created, implemented, or enforced a policy that caused the violation
///

or who denied Plaintiff's request for a religious accommodation. Individuals who were not involved in the deprivation of the right may not be held liable.

The Court has reviewed the appeal provided by Plaintiff, including the responses. A free exercise claim is not properly asserted against Defendant Spodea. Spodea responded at the first informal level, at which time Plaintiff was not claiming a religious need for daily showers. Plaintiff raised the issue of religion at the first formal level of review, but Defendants Maldonado, Sheppard-Brooks, Cano, Hense, Hodges-Wilkins, and Grannis did not deny Plaintiff's request for a religious accommodation. The issue was referred to the Institution's Religious Review Committee, where it was denied by Defendant Indermill. Upon review of the allegations and exhibits, the only defendant sufficiently linked to the free exercise claim is Indermill because it was Indermill who considered the request and denied the request.

Plaintiff also names former Director Tilton, Warden Adams, and Acting Warden Hartley as defendants. The complaint sets forth no basis for the imposition of liability against them. The mere fact that they held positions of authority during the relevant time period does not provide a basis for the imposition of liability. Hydrick v. Hunter, 500 F.3d 987, 988 (9th Cir. 2007). Plaintiff must demonstrate a link between their actions or omissions and the violation complained of in order to state a claim.

**B.     ADA and RA Claims**

In his complaint, Plaintiff references the Americans with Disabilities Act (42 U.S.C. § 12132 and section 504 of the Rehabilitation Act (29 U. S. C. § 794). Title II of the ADA and section 504 of the RA "prohibit discrimination on the basis of disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). "To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." Lovell, 303 F.3d at 1052. "To establish a violation of § 504 of the RA, a plaintiff must show that (1) [he] is handicapped within the meaning of the RA; (2) [he] is otherwise qualified for the benefit or services sought; (3) ///

[he] was denied the benefit or services solely by reason of [his] handicap; and (4) the program providing the benefit or services receives federal financial assistance." Id.

Plaintiff's allegations do not support a claim for the violation of the ADA or the RA. Plaintiff is not being denied access to a shower because of a disability. There is no basis set forth in the complaint upon which to impose liability for violation of the ADA or the RA.

### C. Equal Protection Claim

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). An equal protection claim may be established in two ways. First, a plaintiff establishes an equal protection claim by showing that the defendant has intentionally discriminated on the basis of the plaintiff's membership in a protected class. See, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir.2001). Under this theory of equal protection, the plaintiff must show that the defendants' actions were a result of the plaintiff's membership in a suspect class, such as race. Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir. 2005).

If the action in question does not involve a suspect classification, a plaintiff may establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); San Antonio School District v. Rodriguez, 411 U.S. 1 (1972); Squaw Valley Development Co. v. Goldberg, 375 F.3d 936, 944 (9th Cir.2004); SeaRiver Mar. Fin. Holdings, Inc. v. Mineta, 309 F.3d 662, 679 (9th Cir. 2002). To state an equal protection claim under this theory, a plaintiff must allege that: (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment. Village of Willowbrook, 528 U.S. at 564. If an equal protection claim is based upon the defendant's selective enforcement of a valid law or rule, a plaintiff must show that the selective enforcement is based upon an "impermissible motive." Squaw Valley, 375 F.3d at 944; Freeman v. City of Santa Ana, 68 F.3d 1180, 1187 (9th Cir.1995).

Plaintiff alleges that he is being treated differently than other CCCMS patients, who are allowed daily showers. However, Plaintiff's exhibits indicate that the procedure relied upon by

Plaintiff for the proposition that CCCMS patients are entitled to daily showers applies to inmates in a different housing unit. (Comp., pgs. 3 & 27.) Because Plaintiff is a Security Housing Unit inmate, he is subject to the procedures for that housing unit. (Id.) Plaintiff's allegations and exhibits do not support a claim that he was intentionally treated differently than other similarly situated inmates without any rational basis for the difference in treatment. Village of Willowbrook, 528 U.S. at 564.

### III.  Conclusion and Order

Plaintiff's complaint states a cognizable free exercise claim against Defendant Indermill but does not state any other claims upon which relief may be granted. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only on the claim found to be cognizable by the Court in this order, Plaintiff may so notify the Court in writing. If the Court receive such notice, it will dismiss the non-cognizable claims and the defendants against whom no cognizable claims are pled, and service of process will be initiated against Defendant Indermill.

If Plaintiff opts to amend, he must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of his constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in brief but specific terms how each named defendant is involved. There can be no liability unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing

///

to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:
   a. File an amended complaint curing the deficiencies identified by the Court in this order, or
   b. Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against Defendant Indermill on his free exercise claim; and
3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **August 26, 2008**                   /s/ **Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE