# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DARRYL WAKEFIELD,

Plaintiff,

v.

JAMES TILTON, et al.,

Defendants.

_______________________________________/

CASE NO. 1:07-cv-01802-OWW-GSA PC

ORDER ADDRESSING RESPONSE TO COURT'S ORDER, AND GRANTING PLAINTIFF THIRTY DAYS WITHIN WHICH TO FILE AN AMENDED COMPLAINT ALLEGING CLAIMS AGAINST DOE DEFENDANTS OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY AGAINST INDERMILL

(Doc. 10)

Plaintiff Darryl Wakefield ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on December 12, 2007. On August 26, 2008, the Court issued an order finding that Plaintiff's complaint states a cognizable free exercise claim against Defendant Indermill but does not state any other claims upon which relief may be granted. The Court ordered Plaintiff to either file an amended complaint curing the deficiencies identified by the Court or notify the Court of his willingness to proceed only against Defendant Indermill on his cognizable free exercise claim. On September 8, 2008, Plaintiff filed a notice seeking dismissal of all defendants except for Indermill and Does 1-3, who are members of the Religious Review Committee, which denied his request for a religious accommodation.

Plaintiff may proceed against Doe defendants and later move to amend to substitute their true names once he has ascertained their names through discovery or otherwise. Wakefield v. Thompson,

177 F.3d 1160, 1163 (9th Cir. 1999) (quoting Gillespie v. Civiletti, 629 E.2d 637, 642 (9th Cir. 1980)). However, Plaintiff may not do so unless he has pled cognizable claims against them in the complaint. Plaintiff names three Doe defendants in his complaint, and alleges that Defendant Indermill and the Religious Review Committee denied his religious accommodation request. However, Plaintiff does not allege that Does 1-3 were the Religious Review Committee members.

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). Plaintiff must adequately identify the Doe defendants (e.g., members of the Religious Review Committee) and what they did or failed to do that led to the violation of his rights. Further, in order for any future amendment to relate back to the original complaint, compliance with California Code of Civil Procedure § 474 requires that Plaintiff state in his complaint he is ignorant of the name of the defendant. Merritt v. County of Los Angeles, 875 F.2d 765, 768 (9th Cir. 1989) (state law relation back provisions govern 1983 claims).

Accordingly, because Plaintiff has not properly pled a section 1983 claim against Does 1-3, he may either opt to proceed only against Defendant Indermill or file an amended complaint. If Plaintiff opts to amend, he need only allege his free exercise claim against Indermill and the three Doe defendants. Plaintiff should omit any claims and parties he is no longer pursuing. Further, Plaintiff need only briefly set forth the factual basis for his claim against these defendants, and it is unnecessary for Plaintiff to include exhibits or set forth lengthy facts regarding his religious or his religious beliefs. Fed. R. Civ. P. 8(a).

For the reasons set forth herein, the Clerk's Office is HEREBY DIRECTED to send Plaintiff a civil rights complaint form, and within **thirty (30) days** from the date of service of this order,

///

///

Plaintiff SHALL either file an amended complaint or notify the Court of his willingness to proceed only against Defendant Indermill.

IT IS SO ORDERED.

**Dated:** **September 15, 2008**

/s/ **Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE