1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL WAKEFIELD, | CASE NO. 1:07-cv-01802-OWW-GSA PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN |
| v. | CLAIMS AND DEFENDANTS |
| JAMES TILTON, et al., | (Docs. 1, 9, and 12) |
| Defendants. | |
| _____ / | |

**Findings and Recommendations Following Screening of Complaint**

I.      **Procedural History**

Plaintiff Darryl Wakefield ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on December 12, 2007. Plaintiff's claims arise from his inability to shower every day.  Plaintiff alleges that inmates in the Correctional Clinical Case Management Services ("CCCMS") and Enhanced Outpatient Program are allowed daily shower.[1]  Plaintiff alleges that he is a CCCMS participant but is only allowed three showers a week.  Plaintiff further alleges that based on his religious beliefs, he needs to shower daily.

On August 26, 2008, the Court issued an order finding that Plaintiff's complaint states a cognizable claim against Defendant Indermill for violation of the Free Exercise Clause of the First Amendment, but does not state any other claims for relief.  The Court ordered Plaintiff to either file

---

[1] Programs or classifications relating to mental health issues.

1

1    an amended complaint or notify the Court of his willingness to proceed only on the claims found to

2    be cognizable.

3          On September 8, 2008, Plaintiff filed a notice seeking dismissal of all defendants except for

4    Indermill and Does 1-3, who are members of the Religious Review Committee, which denied his

5    request for a religious accommodation.  The Court addressed the notice in an order filed on

6    September 18, 2008, and notified Plaintiff that while Doe defendants are permissible and Plaintiff

7    named three Doe defendants, his complaint did not properly plead cognizable claims against them.

8    Plaintiff was given the option of amending or proceeding only against Defendant Indermill.  On

9    September 29, 2008, Plaintiff notified the Court that he wants to proceed against Defendant

10   Indermill.  Based on Plaintiff's notice, this Findings and Recommendations now issues.

11   **II.      Screening Requirement**

12         The Court is required to screen complaints brought by prisoners seeking relief against a

13   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

14   Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

15   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

16   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

17   "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

18   dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

19   claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

20         "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

21   exceptions," none of which applies to section 1983 actions.  Swierkiewicz v. Sorema N. A., 534 U.S.

22   506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and

23   plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a).

24   "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the

25   grounds upon which it rests."  Swierkiewicz, 534 U.S. at 512.  However, "the liberal pleading

26   standard . . . applies only to a plaintiff's factual allegations."  Neitze v. Williams, 490 U.S. 319, 330

27   n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply essential elements

28   ///

1  of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257

2  (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

3  **III.    Plaintiff's Claims**

4      **A.    Free Exercise Claim**

5      The First Amendment to the United States Constitution provides that "Congress shall make

6  no law respecting the establishment of religion, or prohibiting the free exercise thereof . . . ." U.S.

7  Const., amend. I. Prisoners "retain protections afforded by the First Amendment," including the free

8  exercise of religion. O'Lone v. Estate of Shabazz, 482 U.S. 342, 348, 107 S.Ct. 2400 (1987).

9  Beliefs which are both sincerely held and rooted in religious belief trigger the protection of the Free

10  Exercise Clause. Shakur v. Schriro, 514 F.3d 878, 884 (9th Cir. 2008) (quotations and citations

11  omitted) (disavowing objective centrality test and confirming applicability of sincerity test).

12      However, "'[l]awful incarceration brings about the necessary withdrawal or limitation of

13  many privileges and rights, a retraction justified by the considerations underlying our penal system.'"

14  O'Lone, 482 U.S. at 348 (quoting Price v. Johnson, 334 U.S. 266, 285, 68 S.Ct. 1049, 1060 (1948)).

15  "To ensure that courts afford appropriate deference to prison officials, . . . prison regulations alleged

16  to infringe constitutional rights are judged under a 'reasonableness' test less restrictive than that

17  ordinarily applied to alleged infringements of fundamental constitutional rights." O'Lone, 382 U.S.

18  at 349.  Under this standard, "when a prison regulation impinges on inmates' constitutional rights,

19  the regulation is valid if it is reasonably related to legitimate penological interests." Turner v. Safley,

20  482 U.S. 78, 89, 107 S.Ct. 2254 (1987).

21      Plaintiff has alleged his sincere religious beliefs require a daily shower.  At the pleading

22  stage, the Court must accept as true these allegations and cannot find that Plaintiff has not stated a

23  free exercise claim. Shakur, 514 F.3d at 884.  However, section 1983 plainly requires that there be

24  an actual connection or link between the actions of the defendants and the deprivation alleged to

25  have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978);

26  Rizzo v. Goode, 423 U.S. 362 (1976). "A person deprives another of a constitutional right, where

27  that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform

28  an act which [that person] is legally required to do that causes the deprivation of which complaint

1    is made.'" Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588

2    F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by

3    some kind of direct, personal participation in the deprivation, but also by setting in motion a series

4    of acts by others which the actor knows or reasonably should know would cause others to inflict the

5    constitutional injury.'" Id. (quoting Johnson at 743-44).

6         In this instance, the majority of the defendants named in the complaint were involved in

7    reviewing Plaintiff's inmate appeal seeking the allowance of daily showers.  In general, "[r]uling

8    against a prisoner on an administrative complaint does not cause or contribute to the violation."

9    George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007).  Thus, that an appeal on the issue giving rise

10   to Plaintiff's claim passed through the hands of a defendant is not a sufficient basis upon which to

11   impose liability under section 1983.  Plaintiff's claim arises from the alleged burden imposed on the

12   practice of his religion by his inability to obtain daily showers.  A claim may be properly asserted

13   against individuals who either created, implemented, or enforced a policy that caused the violation

14   or who denied Plaintiff's request for a religious accommodation.  Individuals who were not involved

15   in the deprivation of the right may not be held liable.

16        The Court has reviewed the appeal provided by Plaintiff, including the responses.  A free

17   exercise claim is not properly asserted against Defendant Spodea.  Spodea responded at the first

18   informal level, at which time Plaintiff was not claiming a religious need for daily showers.  Plaintiff

19   raised the issue of religion at the first formal level of review, but Defendants Maldonado, Sheppard-

20   Brooks, Cano, Hense, Hodges-Wilkins, and Grannis did not deny Plaintiff's request for a religious

21   accommodation.  The issue was referred to the Institution's Religious Review Committee, where it

22   was denied by Defendant Indermill.  Upon review of the allegations and exhibits, the only defendant

23   sufficiently linked to the free exercise claim is Indermill because it was Indermill who considered

24   the request and denied the request.

25        Plaintiff also names former Director Tilton, Warden Adams, and Acting Warden Hartley as

26   defendants.  The complaint sets forth no basis for the imposition of liability against them.  The mere

27   fact that they held positions of authority during the relevant time period does not provide a basis for

28   the imposition of liability.  Hydrick v. Hunter, 500 F.3d 987, 988 (9th Cir. 2007).  Plaintiff must

1   demonstrate a link between their actions or omissions and the violation complained of in order to

2   state a claim.

3       **B.       ADA and RA Claims**

4       In his complaint, Plaintiff references the Americans with Disabilities Act (42 U.S.C. § 12132

5   and section 504 of the Rehabilitation Act (29 U. S. C. § 794).  Title II of the ADA and section 504

6   of the RA "prohibit discrimination on the basis of disability."  <u>Lovell v. Chandler</u>, 303 F.3d 1039,

7   1052 (9th Cir. 2002).   "To establish a violation of Title II of the ADA, a plaintiff must show that (1)

8   [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or

9   otherwise discriminated against with regard to a public entity's services, programs, or activities; and

10  (3) such exclusion or discrimination was by reason of [his] disability."  <u>Lovell</u>, 303 F.3d at 1052.

11  "To establish a violation of § 504 of the RA, a plaintiff must show that (1) [he] is handicapped

12  within the meaning of the RA; (2) [he] is otherwise qualified for the benefit or services sought; (3)

13  [he] was denied the benefit or services solely by reason of [his] handicap; and (4) the program

14  providing the benefit or services receives federal financial assistance."  <u>Id</u>.

15      Plaintiff's allegations do not support a claim for the violation of the ADA or the RA.

16  Plaintiff is not being denied access to a shower because of a disability.  There is no basis set forth

17  in the complaint upon which to impose liability for violation of the ADA or the RA.

18      **C.       Equal Protection Claim**

19      The Equal Protection Clause requires that persons who are similarly situated be treated alike.

20  <u>City of Cleburne v. Cleburne Living Center, Inc.</u>, 473 U.S. 432, 439 (1985).  An equal protection

21  claim may be established in two ways.   First, a plaintiff establishes an equal protection claim by

22  showing that the defendant has intentionally discriminated on the basis of the plaintiff's membership

23  in a protected class. <u>See</u>, e.g., <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 686 (9th Cir.2001).   Under

24  this theory of equal protection, the plaintiff must show that the defendants' actions were a result of

25  the plaintiff's membership in a suspect class, such as race.  <u>Thornton v. City of St. Helens</u>, 425 F.3d

26  1158, 1167 (9th Cir. 2005).

27      If the action in question does not involve a suspect classification, a plaintiff may establish

28  an equal protection claim by showing that similarly situated individuals were intentionally treated

1  differently without a rational relationship to a legitimate state purpose.  Village of Willowbrook v.

2  Olech, 528 U.S. 562, 564 (2000); San Antonio School District v. Rodriguez, 411 U.S. 1 (1972);

3  Squaw Valley Development Co. v. Goldberg, 375 F.3d 936, 944 (9th Cir.2004); SeaRiver Mar. Fin.

4  Holdings, Inc. v. Mineta, 309 F.3d 662, 679 (9th Cir. 2002). To state an equal protection claim under

5  this theory, a plaintiff must allege that:  (1) the plaintiff is a member of an identifiable class; (2) the

6  plaintiff was intentionally treated differently from others similarly situated; and (3) there is no

7  rational basis for the difference in treatment.  Village of Willowbrook, 528 U.S. at 564.  If an equal

8  protection claim is based upon the defendant's selective enforcement of a valid law or rule, a

9  plaintiff must show that the selective enforcement is based upon an "impermissible motive."  Squaw

10  Valley,  375 F.3d at 944; Freeman v. City of Santa Ana, 68 F.3d 1180, 1187 (9th Cir.1995).

11        Plaintiff alleges that he is being treated differently than other CCCMS patients, who are

12  allowed daily showers.  However, Plaintiff's exhibits indicate that the procedure relied upon by

13  Plaintiff for the proposition that CCCMS patients are entitled to daily showers applies to inmates in

14  a different housing unit. (Comp., pgs. 3 & 27.) Because Plaintiff is a Security Housing Unit inmate,

15  he is subject to the procedures for that housing unit. (Id.) Plaintiff's allegations and exhibits do not

16  support a claim that he was intentionally treated differently than other similarly situated inmates

17  without any rational basis for the difference in treatment.  Village of Willowbrook, 528 U.S. at 564.

18  **IV.**    **Conclusion and Recommendation**

19        Plaintiff's complaint states a cognizable free exercise claim against Defendant Indermill but

20  does not state any other claims upon which relief may be granted.  Plaintiff was provided with the

21  opportunity to either amend or proceed only on his cognizable claim, and has opted to proceed on

22  the cognizable claim.  Accordingly, it is HEREBY RECOMMENDED that:

23        1.    This action proceed on Plaintiff's complaint, filed December 12, 2007, against

24              Defendant Indermill on Plaintiff's free exercise claim;

25        2.    Plaintiff's equal protection claim be dismissed for failure to state a claim;

26        3.    Plaintiff's ADA and RA claims be dismissed for failure to state a claim; and

27  ///

28  ///

1    4.    Defendants Spodea, Maldonado, Sheppard-Brooks, Cano, Hense, Hodges-Wilkins,

2          Grannis, Tilton, Adams, and Hartley be dismissed from this action based on

3          Plaintiff's failure to state any claims against them.

4    These Findings and Recommendations will be submitted to the United States District Judge

5 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fifteen (15)**

6 **days** after being served with these Findings and Recommendations, plaintiff may file written

7 objections with the Court.  The document should be captioned "Objections to Magistrate Judge's

8 Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

9 specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d

10 1153 (9th Cir. 1991).

11

12

13    IT IS SO ORDERED.

14    **Dated:    October 1, 2008**          ___/s/ **Gary S. Austin**___
                                          UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28